UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
MARCOS VERA, :
:
Plaintiff, :
: **ORDER**
- *against* - :
: 22-cv-02058 (ER)
COLGATE DELI & GROCERY CORP., *and* :
MOHAMED DOE, :
:
Defendant. :
:
------------------------------------------------------------x

RAMOS, D.J.:

On June 26, 2024, Marcos Vera filed a post-judgment motion to compel defendants Colgate Deli & Grocery Corp. ("Colgate") and Mohamed Abisse to respond to Vera's information subpoenas, pursuant to Rule 37(a)(1). Doc. 25. The Court set a briefing schedule on the motion. Docs. 26, 27. On August 7, however, the attorneys who previously represented Colgate informed the Court that their firm has not been retained to represent Colgate in post-judgment enforcement matters. Doc. 29. On August 8, the Court vacated the briefing schedule, directed Colgate to retain counsel and have them enter an appearance by August 29, 2024, and directed Abisse to either retain counsel or appear *pro se* by that same date. Doc. 30. The Court warned that if Defendants failed to do so, the Court would treat Vera's motion to compel as unopposed. *Id.* Counsel for neither Colgate nor Abisse entered an appearance, nor did Abisse appear *pro se*.

On November 20, 2024, the Court issued an Order to Show Cause, directing Defendants to show cause why they should not be held in contempt for failure to comply with the subpoenas for post-judgment discovery on December 11, 2024. Doc. 33. On

1

December 11, 2024, counsel for Vera appeared for the show cause hearing. Counsel for neither Colgate nor Abisse entered an appearance, nor did Abisse appear *pro se*. Vera was instructed to submit a proposed order of civil contempt, which he did on January 17, 2025, requesting contempt sanctions against Defendants. Doc. 38.

On January 22, 2025, the Court granted Vera's unopposed motion to compel Defendants to respond to the information subpoenas. Doc. 39. The Court directed Defendants to respond to the subpoenas by January 30, 2025, and it warned that if they failed to do so, the Court would hold them in civil contempt. *Id.*

To date, Defendants have not responded to the information subpoenas. Vera requests contempt sanctions, in the form of an order for Defendant Abisse's arrest and/or alternatively, financial sanctions against Defendants. Doc. 41.

The Court finds that all elements necessary to issue contempt sanctions have been established. The Court's January 22, 2025 order is clear and unambiguous, the proof of noncompliance is clear and convincing, and there is no evidence that Defendants have diligently attempted to comply in a reasonable manner. *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016). The Court reserves its decision on the scope of contempt remedies, and has scheduled a hearing for March 6, 2025, at 10:00 a.m. during which it intends to give its opinion and order and announce contempt sanctions. The parties are ordered to appear at the hearing.

Plaintiff is further ordered to serve a copy of this order on Defendants by February 13, 2025, by both U.S. Postal Service first class mail, postage prepaid and return-receipt requested, and by Federal Express, postage prepaid, with evidence of proof of delivery, and to file proof of service on the docket.

SO ORDERED.

Dated:   February 11, 2025
         New York, New York

_____
Edgardo Ramos, U.S.D.J.